## No. 794

OHIO GUARANTEED MORTGAGE CO. v. PURPUS, Recr., et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1533. Decided Feb. 23, 1927.

**First Publication of this Opinion.**

953a. PRIORITY—755. Mechanics' Liens —787. Mortgages—1002. Receivers—Mortgage given by receiver, by order of court, and claim for material furnished under contract with receiver and by order of court, are of equal priority.

Appeal from Common Pleas.

Findings approved.

Benjamin F. Levison, Columbus, for Mortgage Co.

Hamilton, Kennedy & Horner; Lucas & Keating, and McLeskey & Grabeil, Columbus, for Purpus.

FULL TEXT.

BY THE COURT.

This case was presented in this court on appeal from an order of the Court of Common Pleas distributing the funds arising from the sale of certain real estate on foreclosure.

The Ohio Guaranteed Mortgage Company brought the suit against Carl J. Purpus, receiver, and the other parties claiming liens on the property. The Buckeye State Building & Loan Company has the first mortgage lien and its claim is not contested. The Ohio Guaranteed Mortgage Company also has a mortgage upon the property executed by the receiver under order of court and the amount due to The Ohio Guaranteed Mortgage Company is not contested but its priority is disputed by certain material men who furnished material and labor under contract with the receiver who acted under the order of the court in the making of said contracts. The Court of Common Pleas held that The Ohio Guaranteed Mortgage Company by virtue of its mortgage, and the material men by virtue of their general contract with the receiver were of equal priority and directed that the fund remaining after the payment of the first mortgage should be apportioned between The Ohio Guaranteed Mortgage Company and the various claimants rateable and in proportion to the several amounts of their respective claims. This is the order appealed from. The case presents an unusual situation and we are deciding the case solely upon the peculiar facts of the case.

We hold that the claimants for construction liens do not have a strict legal right to a perfect mechanic's lien upon the property in the hands of the receiver but they have certain equities which the court, having control of the receiver must recognize in the distribution of the funds. The receiver was appointed February 25th and was authorized to continue the work of the construction of the buildings. Certain contracts were made with various parties for the furnishing of material and labor. All of these contracts, with perhaps one exception, antedate the mortgage given to The Ohio Guaranteed Mortgage Company and were in equity inchoate liens upon the property prior to the mortgage. The second mortgage ordered given, by the court appointing a receiver, to The Ohio Guaranteed Mortgage Company could not and did not, in our judgment, supercede the equities which the so

called mechanic's liens claimants held at the time the mortgage was executed and the mortgagee was bound to see that the funds were properly distributed. The most favorable attitude which the court could take and which the court in this case does take is that the mortgage company by virtue of its second-mortgage and the contractors under contracts with the receiver were of equal priority. This is what the Court of Common Pleas held and we are of opinion that the same order should be made in this court. The costs of the Court of Appeals should be taxed to the appellant. In all other respects the same decree should be entered here as in the court below.

Decree accordingly.

(Ferneding, Kunkle and Allread, JJ., concurring.)